UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAJINDER GHERA,

Plaintiff,

v.

DAVID P. STEINER,

Defendant.

Case No. 2:26-cv-00119-TLN-CSK (PS)

FINDINGS & RECOMMENDATIONS

(ECF No. 6)

Pending before the Court is Defendant David P. Steiner's partial motion to dismiss the Complaint.[1] (ECF No. 6.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file and vacated the May 12, 2026 hearing.

For the reasons that follow, the Court recommends GRANTING Defendant's partial motion to dismiss with leave to amend.

/ / /

/ / /

/ / /

/ / /

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

## I. BACKGROUND

### A. Factual Allegations[2]

Plaintiff Tajinder Ghera alleges he has been an employee of the United States Postal Service ("USPS") for 35 years. Compl. at 1 (ECF No. 1). Plaintiff alleges that on July 29, 2025, he was issued a "Notice of Proposed Letter of Warning in Lieu of a 7-Day Time Off." *Id*. Plaintiff alleges that he was not given his "Day in Court" before receiving this notice. *Id*. Plaintiff further alleges he believes that his employer retaliated against him due to Plaintiff filing a workplace injury report on January 9, 2025. *Id*. Plaintiff alleges that he has been discriminated against due to his Indian nationality and his age (64 years old). *Id*.

### B. Procedural Posture

Plaintiff commenced this action on January 15, 2026, by filing the Complaint against Defendant David P. Steiner, United States Postmaster General. (ECF No. 1.) On April 3, 2026, Defendant filed a partial motion to dismiss the Complaint with a hearing noticed for May 12, 2026. (ECF No. 4.) On April 23, 2026, the Court vacated the May 12, 2026 hearing due to Plaintiff's failure to file an opposition or notice of non-opposition to Defendant's motion to dismiss. (ECF No. 7.) Plaintiff was given until May 15, 2026 to file an opposition. *Id*. On May 12, 2026, Plaintiff filed an opposition to the motion to dismiss. (ECF No. 8.) On May 18, 2026, Defendant replied to Plaintiff's opposition. (ECF No. 9.) On May 29, 2026, Plaintiff filed a supplemental opposition. (ECF No. 10.) Briefing is complete.

## II. LEGAL STANDARDS

### A. Rule 8, Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any

---

[2] These facts primarily derive from the complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). To give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

**B. Failure to State a Claim under Rule 12(b)(6)**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual

allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

**III. DISCUSSION**

The Complaint raises a retaliation claim, racial discrimination claim, and age discrimination claim against Defendant. Compl. Cover Sheet (ECF No. 1-1). Defendant moves to dismiss Plaintiff's racial discrimination and retaliation claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing that Plaintiff failed to allege exhaustion of administrative remedies as required by Title VII. Def. Mot. at 3-5 (ECF No. 6-1.) Defendant also argues that Plaintiff has failed to state racial discrimination and retaliation claims under Title VII where the Complaint does not allege an adverse action, and failed to state a retaliation claim where the Complaint does not allege a protected activity. *Id*. at 2-3. Defendant does not move to dismiss Plaintiff's age discrimination claim.

**A. Plaintiff's Supplemental Opposition**

On May 29, 2026, Plaintiff filed a supplemental opposition to Defendant's motion to dismiss. (ECF No. 10.) Plaintiff did not seek leave of court to file a supplemental brief. Therefore, Plaintiff did not have a right to file a supplemental brief under the Local Rules or the Federal Rules of Civil Procedure. See E.D. Cal. Local Rule 230(m). Accordingly, the Court declines to consider Plaintiff's supplemental opposition.

**B. Exhaustion under Title VII**

Defendant moves to dismiss Plaintiff's Title VII racial discrimination and retaliation claims for failure to allege exhaustion of administrative remedies prior to filing his lawsuit. Def. Mot. at 3-4.

Pursuant to 42 U.S.C. § 2000e-5(e)(1), a Title VII plaintiff must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days "after the

alleged unlawful employment practice occurred" if it occurred in a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice and the employee initially filed a grievance with that agency. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). A claim is time-barred if it is not filed within this time limit. *Id*. Where a claim is based on discrete acts, "[a] discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened[ ]'" and therefore, a party "must file a charge within . . . 300 days of the date of the act or lose the ability to recover for it." *Id*. at 110.

"[T]he jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation." *Domino v. California Correctional Health Care Services*, 2020 WL 2306900, at *3 (E.D. Cal. May 8, 2020) (citing Sosa v. Hiraoka, 920 F. 3d 1451, 1456 (9th Cir. 1989)). "If plaintiff has filed a charge with the EEOC against [defendant], [he] 'must allege the facts relevant to the charge, including: (1) the alleged violation(s); (2) when the charge was filed; and (3) who it was against.'" *Id*. (citing *Whitsitt v. Hedy Holmes Staffing Servs*., 2014 WL 5019667, at *5 (E.D. Cal. Oct. 7, 2014)). The court requires both a description of the charge to the EEOC and a copy of the right-to-sue notice to provide the court with jurisdiction to hear plaintiff's Title VII claims. *Id*. (citing *Leong v. Potter*, 347 F. 3d 1117, 1122 (9th Cir. 2003)).

The single page-Complaint does not allege administrative exhaustion. *See* Compl. Plaintiff does not provide any allegations of actions taken with the EEOC prior to filing his lawsuit. Plaintiff's opposition does not address Defendant's exhaustion argument. *See* Pl. Opp'n. Accordingly, the Complaint has not alleged sufficient factual information to determine whether Plaintiff has administratively exhausted any of his Title VII claims, or alternatively, whether Plaintiff's claims are time-barred. Therefore, the Court recommends dismissing Plaintiff's Title VII racial discrimination and retaliation claims for failure to plead exhaustion.

**C. Failure to State a Claim**

Defendant also moves to dismiss the Complaint for failure to state a Title VII racial discrimination and a Title VII retaliation claim. Def. Mot. at 2-3.

It is prohibited to discriminate against federal employees based on "race, color, religion, sex, and national origin." 42 U.S.C. § 2000e-16. To plead a claim for unlawful employment discrimination under Title VII, a plaintiff must show:

> (1) that [he belongs] to a class of persons protected by Title VII; (2) that [the plaintiff was] qualified for their positions and performing their jobs satisfactorily; (3) that they experienced adverse employment actions; and (4) that similarly situated individuals were treated more favorably, or other circumstances surrounding the adverse employment action giving rise to an inference of discrimination.

*U.S. E.E.O.C. v. Global Horizons, Inc*., 860 F. Supp. 2d 1172, 1190 (D. Haw. 2012) (citing *Hawn v. Executive Jet Management, Inc*., 615 F. 3d 1151, 1156 (9th Cir. 2010)). Additionally, to state a Title VII retaliation claim, a plaintiff must allege "(1) he engaged in a protected activity; (2) he suffered an adverse employment decision; and (3) there was a causal link between the protected activity and the employment decision." *Villiarimo v. Aloha Island Air, Inc*., 281 F. 3d 1054, 1064, (9th Cir. 2002).

Defendant argues that Plaintiff has failed to state Title VII racial discrimination and retaliation claims because he has failed to allege an adverse employment action, which is an element for both claims. Def. Mot. at 2-3. The Complaint alleges that Plaintiff was discriminated against because he was issued a "Proposed Letter of Warning in Lieu of a 7-Day Time Off." Compl. at 1. "A USPS letter of warning does not constitute an adverse employment action for the purposes of Title VII in the discrimination context." *Johnson v. Potter*, 2011 WL 2360360, at *7 (E.D. Cal. Jun. 9, 2011). Accordingly, the Court concludes that Plaintiff has failed to allege an adverse employment action for both his Title VII race discrimination and retaliation claims.

Further, Defendant argues that Plaintiff's retaliation claim due to filing a workplace injury report fails because Plaintiff did not allege he was engaged in a protected activity. Def. Mot. at 3. A protected activity under Title VII must have been in "opposition to

discrimination based on race, color, religion, sex, or national origin." *Learned v. City of Bellevue*, 860 F. 2d 928, 932 (9th Cir. 1988). While Plaintiff alleges generally he "think[s] USPS retaliated against me…" and "[has] been discriminated against based on my race and age," the Court finds that Plaintiff has not alleged that he engaged in a protected activity for Title VII purposes. *See* Compl. For these additional pleading defects, the Court recommends dismissing both Plaintiff's Title VII racial discrimination and retaliation claims.

**D. Leave to Amend**

Upon dismissal of any claims, the court is to tell a pro se plaintiff of the complaint's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

Here, Plaintiff should be given leave to amend because it is conceivable that the defects in the Complaint can be cured and due to Plaintiff's pro se status. Plaintiff is granted leave to amend his Complaint to the extent he can allege facts that sufficiently plead his claims. The allegations of the amended complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiff organize his complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff is warned that a formulaic recitation of the elements of a cause of action

does not suffice to state a claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57 (2007); Fed. R. Civ. P. 8. To state a claim on which relief may be granted, a plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

If Plaintiff elects to file an amended complaint, it should be titled "First Amended Complaint" with reference to the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967); E.D. Cal. Local Rule 220. If Plaintiff does not timely file an amended complaint, this will result in a recommendation that this action be dismissed. **Plaintiff is instructed not to file a First Amended Complaint until after the district judge issues an order on these findings and recommendations. Any amended complaints filed before the district judge rules on these findings and recommendations will be stricken.**

**E. Plaintiff's Options**

Plaintiff may proceed with his age discrimination claim only, or he may attempt again to state cognizable claims. If Plaintiff elects to proceed forthwith against Defendant Steiner as to his age discrimination claim, then within thirty days of the district court's ruling on these findings and recommendations, Plaintiff must so elect on the appended form. In this event, the Court will construe Plaintiff's election as consent to the dismissal of his Title VII racial discrimination and retaliation claims without prejudice. Under this option, Plaintiff does not need to file a First Amended Complaint. Defendant will be required to respond to the age discrimination claim.

Or, Plaintiff may attempt to cure the deficiencies identified above. If Plaintiff elects to attempt to amend his complaint to cure the deficiencies identified above, he has thirty days to do so.

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts

establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. The amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012).

**IV. CONCLUSION**

Based on the findings above, it is RECOMMENDED:

1. Defendant's partial motion to dismiss (ECF No. 6) be GRANTED and Plaintiff's Title VII racial discrimination and retaliation claims against

Defendant Steiner be DISMISSED with leave to amend. Plaintiff may amend his complaint to attempt to state cognizable claims against Defendant. Plaintiff is not obligated to amend his complaint;

2. Plaintiff may proceed on his age discrimination claim against Defendant Steiner. If Plaintiff chooses to proceed solely as to this claims, Plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of the district court's order ruling on these findings and recommendations. In that event, the Court will construe Plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice, and Defendant must respond to the age discrimination claim.

3. Plaintiff shall have 30 days from the date of any order by the district judge ruling on these findings and recommendations to file an amended complaint that complies with the instructions provided. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed. **Plaintiff is instructed not to file any amended complaint until the district judge rules on these findings and recommendations.**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 14, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, gher.0119.26.mtd

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAJINDER GHERA,

Plaintiff,

v.

DAVID P. STEINER,

Defendant.

No. 2:26-cv-00119-TLN-CSK (PS)

NOTICE OF ELECTION

Plaintiff elects to proceed as follows:

_______ Plaintiff opts to proceed with his age discrimination claim against Defendant David P. Steiner. Under this option, Plaintiff consents to dismiss his Title VII racial discrimination and retaliation claims against Defendant Steiner without prejudice.

**OR**

______ Plaintiff opts to file a First Amended Complaint.

DATED: ________________

________________________________

Plaintiff